IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02856-MEH

CLAY DOUGLAS SIEMSEN,

    Applicant,

v.

C.R. GOETZ, Warden,

    Respondent.

---

**ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS**

---

**Michael E. Hegarty, United States Magistrate Judge**

Applicant, Clay Douglas Siemsen, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), and a Memorandum in Support (ECF No. 3), challenging a decision by the United States Bureau of Prisons (BOP) denying him eligibility for early release. Respondent has filed a Response to Order to Show Cause (ECF No. 25) addressing the merits of the claims raised in the Application and Applicant has filed a Reply (ECF No. 28). The parties have consented to determination of this case by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (ECF No 20). For the reasons discussed below, the Application is DENIED.

**I.    Background**

In 1990, Applicant was convicted of four counts of distributing methamphetamine in District of Montana Case No. CR90-4-BLJ-JFB-JMB. (Declaration of Robert A. Martinez, ECF No. 25-1, at ¶ 9; ECF No. 25-2 at 23). *See also United States v. Siemsen*, 107 F.3d 18 (9th Cir. 1997). He was sentenced to an aggregate 160-month term of imprisonment to be followed by five

years of supervised release on three of the four counts. (*Id.*). Applicant's projected statutory release date via good conduct time was October 10, 2001. (Martinez Decl., at ¶ 9). Applicant completed the BOP's Residential Drug Abuse Program (RDAP) in October 1999 and was released from custody in October 2000, pursuant to 18 U.S.C. § 3621(e). (*Id.*; *see also* ECF No. 25-1, attach. 1).

On September 14, 2017, Applicant was convicted pursuant to his guilty plea of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841, in District of Montana Case No. CR-15-138-BLG-SPW-1. (Martinez Decl., at ¶ 10; ECF No. 25-2, attach. 4). *See also U.S. v. Siemsen*, No. 15-CR-00138-BLG-SPW, 2017 WL 6997001, at *1 (D. Mont. Sept. 15, 2017). He was sentenced to 72-month term of imprisonment, to be followed by four years of supervised release. (*Id.*). Applicant's projected statutory release date via good conduct time credits is December 23, 2022. (Martinez Decl., at ¶ 10; ECF No. 25-1, attach. 1).

On March 14, 2018, a Drug Abuse Program Coordinator interviewed Applicant to assess whether he should participate in the RDAP. (ECF No. 1-1 at 2, 8). Applicant was informed during this interview that if he successfully completed the program he would not be eligible for early release pursuant to 28 C.F.R. § 550.55(b)(7) and BOP Program Statement 5331.02. (*Id.* at 2, 8, 13). However, Applicant's ineligibility for early release does not preclude him from participating in the RDAP. (*Id.* at 13).

On November 5, 2018, Applicant filed a § 2241 Application in which he claims that the federal regulation prohibiting prisoners from earning more than one sentence reduction for successfully completing the RDAP is arbitrary and capricious. (ECF No. 1 at 2; No. 3 at 1). Applicant asks the Court to invalidate 28 C.F.R. § 550.55(b)(7), or, in the alternative, "direct the

BOP to consider his particular facts, and allow him the opportunity to earn a second sentence reduction." (ECF No. 3 at 17).

Respondent filed a Preliminary Response to the Application stating that Respondent did not intend to raise the affirmative defense of failure to exhaust administrative remedies. (ECF No. 10).[1] The merits of the claims raised in the Application have been fully briefed by the parties and are ripe for determination.

## II. Legal Standards

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). A federal prisoner's challenge to the BOP's decision to deny early release upon the prisoner's successful completion of the RDAP is properly raised in a 2241 application. *See*, *e.g.*, *Wilson v. Kastner*, No. 09-6060, 385 F. App'x 855, 856 n.2 (10th Cir. 2010) (noting that a petition challenging RDAP eligibility determination is appropriately brought under § 2241 "because [the] challenge relates to the execution of [a] sentence rather than the validity of [the] conviction.").

The Court must construe Applicant's filings liberally because he is not represented by an attorney. *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief

---

[1] The Court notes that the documents attached to the Application indicate that Applicant pursued administrative relief at all levels of review before initiating this federal court action. (*See generally* ECF No. 1-1).

can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). An applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## III. Analysis

### A. Statutory and Regulatory Framework

The RDAP is a program implemented by the BOP pursuant to 18 U.S.C. § 3621(e)(1), which directs the BOP to provide substance abuse treatment for inmates with substance abuse problems. Upon successful completion of the RDAP, the BOP may reduce the sentence of a prisoner convicted of a nonviolent felony pursuant to § 3621(e)(2), which states:

> (2) Incentive for prisoners' successful completion of treatment program--
>
> > (B) Period of custody.--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). *See also Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.").

The federal regulations implementing the BOP's drug abuse treatment program are found at 28 C.F.R. Part 550, Subpart F. Section 550.55(b) sets forth seven categories of inmates who are not eligible for early release upon successful completion of the RDAP. One of those categories is "[i]nmates who previously received an early release under 18 U.S.C. § 3621(e)." *See* 28 C.F.R. § 550.55(b)(7).

BOP Program Statement 5331.02 governs early release procedures under 18 U.S.C. § 1321(e) and implements 28 C.F.R. § 550.55(b)(7). (ECF No. 25-2, attach. 2).

4

## B. The Federal Regulation is not Arbitrary and Capricious

Applicant claims that 18 C.F.R. § 550.55(b)(7) is arbitrary and capricious because, in promulgating the regulation, the BOP did not consider an inmate's unique circumstances. (ECF No. 1 at 2; ECF No. 3 at 1, 14-15). Applicant states that his prior participation in the RDAP consisted of "substantially less 'than the minimum of 500 hours' required by [BOP Program Statement 5330.11]" and "lasted only four and one-half months rather than the 'at least six months' required by 28 C.F.R. §550.53(a)(1)." (ECF No. 3 at 2). Applicant asserts that situations such as his, "where the BOP's RDAP Training fell short of its own standards," were not addressed by the BOP in promulgating § 550.55(b)(7). (*Id.* at 15).

The Administrative Procedure Act (APA) "requires a reviewing court to set aside final agency action that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" *Licon v. Ledezma*, 638 F.3d 1303, 1307 (10th Cir. 2011) (quoting 5 U.S.C. § 706(2)(A)). An agency rule is arbitrary and capricious if the agency

> relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*National Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 658 (2007) (internal quotation marks and citation omitted).

In *Kyles v. Chester*, No. 11-3226, 457 F. App'x 780, (10th Cir. Jan. 25, 2012) (unpublished), the Tenth Circuit rejected a federal prisoner's claim that § 550.55(b)(7) is arbitrary and capricious based on the following reasoning:

> Under *Lopez v. Davis*, the BOP has discretion to determine which categories of offenders are eligible for a sentence reduction "based on their preconviction conduct," 531 U.S. at 244, 121 S. Ct. 714, "subject of course to [the BOP's]

5

> obligation to interpret [§ 3621(e)] reasonably, in a manner that is not arbitrary and capricious," *id*. at 240, 121 S. Ct. 714 (citation omitted). When it published § 550.55 for comment, the BOP gave a sound reason for denying a reduced sentence to second-timers, namely, that
>
>> it is not appropriate to provide this incentive for inmates who completed RDAP, gained early release, but failed to remain drug and crime free. To provide this incentive to the same inmate twice would be counter to our drug treatment philosophy that inmates must be held accountable for their actions when released to the community.
>
> 69 Fed. Reg. at 39889. The BOP reiterated this rationale when it finalized the regulation in 2009. See Drug Abuse Treatment Program; Subpart Revision and Clarification and Eligibility of D.C. Code Felony Offenders for Early Release Consideration, 74 Fed. Reg. 1892–01, 1894 (Jan. 14, 2009). Hence, we see no conflict between § 3621(e) and § 555.50(b)(7) or either of the relevant program statements, and conclude that the regulation is not arbitrary and capricious.

*Id.* at 784-85.[2]

Contrary to Applicant's assertion, the federal regulation is not arbitrary and capricious simply because the BOP failed to consider the specific circumstances of his situation. "Beyond instructing that the Bureau has discretion to reduce the period of imprisonment for a nonviolent offender who successfully completes drug treatment, Congress has not identified any further circumstance in which the Bureau either must grant the reduction, or is forbidden to do so." *Lopez,* 531 U.S. at 242. Consequently, when exercising the discretionary authority granted to it by Congress, the BOP is only required to "fill[] the statutory gap in a way that is reasonable in light of the legislature's revealed design." *Id.* (internal quotation omitted). The BOP's decision to exclude repeat drug offenders who complete the RDAP from eligibility for early release was

---

2 In *Lopez*, the Supreme Court upheld the validity of the BOP's regulation categorically excluding inmates whose current offense was a felony involving a firearm from a sentence reduction. *Lopez*, 531 U.S. at 238- 244. The regulation at issue in *Lopez* was a prior version of 28 C.F.R. § 550.55(f). *See* Kyles, 457 F. App'x at 783.

reasonable for the reasons articulated by the BOP during the rule-making process. *Kyles*, 457 F. App'x at 785.

Moreover, in *Lopez*, the Supreme Court rejected an argument that the BOP must make case-by-case assessments rather than a categorical exclusion: "[T]he decisionmaker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority." 531 U.S. at 244 (internal quotation marks and citation omitted). Congress has not expressed such an intent in § 3621(e)(2). *Id.*

Pursuant to *Kyles* and *Lopez*, the Court finds that 18 U.S.C. § 550.55(b)(7) is a reasonable interpretation of § 3621(e) and is not arbitrary and capricious. Therefore, Applicant is not entitled to federal habeas relief on his claim.

**C. Challenge to BOP's substantive Decision**

Applicant asks the Court, as an alternative remedy, "to direct the BOP to consider his particular facts, and allow him the opportunity to earn a second sentence reduction." (ECF No. 3 at 17). The Court construes Applicant's request as a challenge to the BOP's substantive decision to deny him eligibility for early release pursuant to 18 U.S.C. § 3621(e)(2).

Applicant's request is foreclosed 18 U.S.C. § 3625 which provides that "[t]he provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code [the APA], do not apply to the making of any determination, decision, or order under this subchapter [§§ 3621–26]." Because § 3625 exempts 18 U.S.C. § 3621 from the APA's judicial review provisions, a federal court may not review the BOP's substantive decision to deny a federal prisoner eligibility for early release. *See Standifer v. Ledezma*, 653 F.3d 1276, 1279 n.3 (10th Cir. 2011) (allowing federal prisoner to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621

7

would be inconsistent with the language of 18 U.S.C. § 3625) (citing *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011)); *see also Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) (recognizing that § 3625 may preclude judicial review of the BOP's substantive decision under § 3621(e)(2)(B)); *Redmon v. Wiley*, No. 08-1288, 349 F. App'x 251, 256 (10th Cir. Oct. 13, 2009) (unpublished) (same).

The habeas relief requested by Applicant is precluded by 18 U.S.C. § 3625.

## IV.     Orders

For the reasons discussed above, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed by Clay Douglas Siemsen, on November 5, 2018 (ECF No. 1) is denied**.**    It is

**FURTHER ORDERED** that this action is dismissed with prejudice.   It is

**FURTHER ORDERED** that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.   *See* 28 U.S.C. § 2253(c). It is

**FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated at Denver, Colorado, this 23rd day of April, 2019.

          BY THE COURT:

          _s/ Michael E. Hegarty_
          Michael E. Hegarty
          United States Magistrate Judge